5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Timothy H. JOHNSON, Plaintiff-Appellant,
v.
Reno Police Chief BRADSHAW, Detective Magee, Melissa
Montagne; Washoe District Attorney, Mills Lane,
Cheryl Field-Lang and Washoe County;
John Casselli, Defendants-Appellants.
 No. 92-15525.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 23, 1993.
 
 Appeal from the United States District Court for the District of Nevada; No. CV-N-88-18-ECR, Edward C. Reed, District Judge, Presiding.
 D.Nev., 772 F.Supp. 501.
 AFFIRMED.
 Before PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Timothy H. Johnson filed an action under 42 U.S.C. Sec. 1983 in which he alleged that appellee John Casselli, owner of City Auto Towing, violated Johnson's due process rights when he sold Johnson's previously impounded automobile to satisfy a storage fee lien. The district court awarded summary judgment to Casselli and dismissed the case. Johnson now appeals the district court's summary judgment order and a number of other orders which preceded it. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 I.
 STANDARD OF REVIEW
 
 3
 We review a grant of summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Myers, 969 F.2d 744, 747 (9th Cir.1992).
 
 II.
 SUMMARY JUDGMENT
 
 4
 In March, 1986, the Reno Police Department impounded Johnson's vehicle in connection with Johnson's arrest, directed City Auto Towing to take possession of it, and later released the vehicle to that firm. Later the next month, City Auto Towing sold Johnson's vehicle at a public auction. Johnson filed a complaint under 42 U.S.C. Sec. 1983 alleging that Casselli, the owner of City Auto Towing, violated his constitutional rights by selling the automobile without providing proper notice.
 
 
 5
 Casselli moved for dismissal arguing that he could not be liable under section 1983 because his actions with respect to the automobile were not "under color of state law." The court construed Casselli's motion as a motion for summary judgment and granted it. The court held that because Casselli had taken possession of the car at the direction and to the mutual benefit of the police, his actions with respect to the car were sufficiently connected to the state to sustain section 1983 liability. The court also held, however, that Casselli had established by uncontroverted evidence that he had provided notice sufficient to satisfy the requirements of due process. We agree.
 
 
 6
 The district court held that Casselli had satisfied Johnson's due process rights to notice by "sending a certified letter to the proper address, and [by] publishing a notice in the newspaper...." Casselli proved that he had taken these steps by producing a certified mail receipt and a notarized proof of publication. Johnson argues that the district court's conclusion was in error. He insists that he never received notice and argues that the district court erred by ignoring the affidavit of his acquaintance, Charles Butler. In relevant part, Butler's affidavit states:
 
 
 7
 6. That I went in March 1986 to CITY AUTO TOWING two times and on the second visit took possession of my house keys that were on the key ring of TIMOTHY H. JOHNSON, which were in the possession and control of CITY AUTO TOWING.
 
 
 8
 7. That while there I asked for the prescription sunglasses and personal belongings (tools, etc.) of TIMOTHY H. JOHNSON and I was told NO and that, quote, "the car is ours now" as well.
 
 
 9
 Affidavit of Charles Butler, January 15, 1989. Johnson suggests that by telling Butler "the car is ours now," Casselli's employees deprived Johnson of notice that his car could be redeemed and the procedures for doing so.
 
 
 10
 We are not persuaded by Johnson's arguments. The fact that Casselli sent a certified letter to the proper address and that he published an announcement of the pending sale were sufficient to discharge Casselli's notice responsibilities. Whether or not Johnson actually received notice is irrelevant. Moreover, Butler's affidavit is unavailing. It is unclear to us that incomplete or inaccurate representations to Butler could have deprived Johnson of notice. More importantly, there is no indication in Butler's affidavit that he specifically asked Casselli's employees how Johnson could redeem his automobile. The affidavit only indicates that Butler went to City Auto Towing to retrieve some of Johnson's property, and that while he was there, an employee indicated that City Auto Towing had assumed dominion over Johnson's automobile. We conclude, therefore, that notice was satisfied.
 
 III.
 OTHER ORDERS
 
 11
 In addition to challenging the district court's summary judgment order, Johnson's informal brief indicates his intention to appeal district court's previous orders denying Johnson's Motion for Additional Findings of Facts and Motion to Amend Court Order of June 24, 1991, his Motion to Compel and his Motion to Amend Complaint to Conform to the Evidence and Necessary Joinder of Parties. Other than reasserting his contention that he his automobile was sold without proper notice, he fails to provide any specific reason why any of these orders was in error. We therefore reject his challenge to these other orders as well.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3